Eastern Dist.
*January*, 1828

DICK
*vs.*
MAXWELL.

---

### SWIFT vs. WILLIAMS, & AL.

APPEAL from the court of the eighth district.

MATTHEWS, J. delivered the opinion of the court. The decision of this case under its present circumstances, depends on a bill of exceptions taken to the opinion of the judge *a quo*

A grant of letters testamentary, is an order that the will be executed.

by which he refused to admit in evidence to he jury, a certified copy of the will of the testator, and certificate of renewal of letters testamentary offered by the plaintiff. The copy of the will which appears to have been duly proven before the proper officers, seems to have been rejected because it contained no order to be executed.

The granting of letters testamentary to an executor after probate of a will, certainly amounts to a order, or authority to carry such will into effect. The certificate of a renewal of letters of executorship, or letters testamentary, by a successor in office to the judge who received probate of the will, shews that such authority had been previously granted. But, admitting that it does not shew the previous authority, the act of the last judge would authorise the executor to carry into effect the intentions of his testator, unless the validity of such a proceeding on the part of the judge can be impugned, as being in violation of law. The last authority was granted to the executor before the commencement of the present suit.

It is therefore ordered, &c. that the judgment of the district court be avoided, reversed and annulled. And it is further ordered, &c.

that the cause be sent back to said court to be tried *de novo*, with instruction to the judge *a quo*, to admit in evidence the probated copy of the will and the renewed letters testamentary, or letters of executorship: and that the appellees pay the costs of this appeal.

*Eastern Dist.*
*January* 1828

SWIFT
*vs.*
WILLIAMS.

*McCaleb* for the plaintiff, *Porter* for the defendants.